## CIRCUIT COURT OF FAIRFAX COUNTY

Frederick H. Goldbecker

v.

Fairfax County
Board of Supervisors

December 11, 1995

Case No. C-136199

BY JUDGE F. BRUCE BACH

This matter comes before the Court on Complainant's challenge to Chapter 119 of the Fairfax County Code. Complainants Frederick Goldbecker, Esquire, and Sheralyn Goldbecker argue that Chapter 119 of the Code of the County of Fairfax ("Grass Ordinance") is invalid. Respondent Board of Supervisors of Fairfax County argues that the Grass Ordinance is presumptively reasonable and promotes the public health, safety, and welfare. For the reasons stated below, the Court enters judgment in favor of Respondent.

## Background

Frederick and Sheralyn Goldbecker own and occupy residential property located at 5213 Grinnell Street, which is approximately 18,844 square feet in area (less than one-half acre), zoned to the R-2 District, and subject to Section 119-3-1(a) of the Grass Ordinance. During the spring and summer of 1994, Goldbecker refused to comply with the Grass Ordinance, and the Board sought to enforce Chapter 119, Section 119-3, against him. On September 15, 1994, after exhausting his administrative remedies, Goldbecker filed a Bill of Complaint in the Circuit Court, seeking to have the Grass Ordinance declared unconstitutional and to enjoin its enforcement.

On December 17, 1994, Judge Arthur B. Vieregg entered an Order enjoining the enforcement of the Grass Ordinance against Goldbecker pending the outcome of the trial on the merits. On April 21, 1995, Judge Vieregg entered a Decree sustaining several grounds of the Board's Demurrer. I heard the trial on Goldbecker's remaining claims on November 13, 1995.

## Presumption of Validity

Pursuant to §§ 15.1-510 and 15.1-11.01 of the Code of Virginia, Fairfax County enacted an ordinance that provides:

> it shall be unlawful for any owner of any occupied residential lot or parcel which is less than one-half acre (21,780 square feet) or any vacant developed residential lot or parcel which is less than one-half acre (21,780 square feet) to permit the growth of any grass or lawn area to reach more than twelve (12) inches in height/length.

§ 119-3-1 of the Fairfax County Code.

A Court must sustain the validity of a legislative enactment unless it is clearly arbitrary and unreasonable, bearing no substantial relation to the public health, safety, and welfare. *City of Charlottesville v. DeHaan*, 228 Va. 578, 583, 232 S.E.2d 131, 133 (1984). Great discretion is vested in the legislature to determine what the interests of the public require and also as to what is necessary for the protection of such interest, and *every possible presumption is to be indulged in favor of the validity of the statute. Bowman v. Virginia State Entomologist*, 128 Va. 351, 369, 105 S.E. 141, 147 (1920) (emphasis added).

I find that the Virginia Code authorizes the enactment of the Grass Ordinance. Although the Virginia Code is silent regarding the limitation to "lots or parcels less than one-half acre" in the Fairfax County Code, this limitation is reasonable, is not prohibited by the Virginia Code, and does not exceed the authority granted by the Virginia Code.

### The Challenge to Chapter 119

Goldbecker's first challenge to Chapter 119 is that § 119-3 denies him equal protection of the law by discriminating between property owners of less than one-half acre and property owners of more than one-half acre in the same subdivision or location. Goldbecker's next argument is that Chapter 119 is unconstitutionally vague and subject to "individual conjecture and speculation" regarding the meaning of "grass," "lawn," "ornamental grasses, ferns, fruits and vegetables, herb, spice, flower and other beds," and "rights-of-way." Goldbecker claims that the Chapter is vague because it does not positively define these terms, and there is no generally accepted definition of these terms. Finally, Goldbecker asserts that Chapter 119 violates Amendment XIII of the federal Constitution because its effect is to "force landowners to toil and expend their money to secure the financial interest or profits of others on home resales, and to maintain and increase County real property tax revenues." Bill of Complaint, ¶ 70-73. Goldbecker claims that because of its exclusion of acreage exceeding one-half acre, and its arbitrary limit of twelve inches, Chapter 119 facially has no meaningful relationship to the public health, safety, or welfare.

### Equal Protection

Classifications not involving fundamental rights are subject to a standard of review which is highly deferential to the legislature and are presumed valid. They will not be invalidated merely because they result in some inequality or some discrimination. *Duke v. County of Pulaski,* 219 Va. 428, 433, 247 S.E.2d 824, 826 (1978) (citations omitted). The Grass Ordinance must be upheld unless Goldbecker presents clear and convincing proof that it is arbitrary and unreasonable. *Sheek v. City of Newport News,* 214 Va. 288, 290, 199 S.E.2d 519, 521 (1973). The Equal Protection Clause requires only that the distinction drawn by an ordinance "rationally promote the regulation's objectives" when the classification is not suspect. *Duke* at 219 Va. 433, 247 S.E.2d 826. The rational basis test is satisfied if the legislature could have reasonably concluded that the challenged classification would promote a legitimate state purpose. *King v.*

*Neurological Injury Compensation Program*, 242 Va. 404, 411, 376 S.E.2d 656, 661 (1991).

Chapter 119 creates a classification of property owners of less than one-half acre. Goldbecker presented evidence that a small number of properties in the area exceed one-half acre and are excluded from the Grass Ordinance. However, the Board presented evidence that the great majority of the properties are less than one-half acre in size and covered by the Grass Ordinance. The Board demonstrated that by excluding property of more than one-half acre, the Ordinance promotes administrative efficiency and ease of enforcement. The classification serves as a "line limiting the application of the Ordinance to instances where violations of the Ordinance would have greater impact on property values, and to minimize problems of enforcement and administration." Complainant's Exhibit # 8. The Board then introduced evidence that the Grass Ordinance protects property values and marketability. Other evidence indicates that a purpose of the Ordinance is to prohibit grass and weed overgrowth to prevent the harboring and attraction of snakes, rodents, and insects, and to prevent the overgrowth of harmful seeds or plants.

I find that the classification in the Grass Ordinance is not discriminatory and meets the rational basis test. The evidence shows legitimate and reasonable state purpose. The classification is not unconstitutional and does not deny Goldbecker equal protection.

### Vagueness

Terms are not vague if an "ordinary person exercising ordinary common sense can sufficiently understand and comply" with the ordinance. *Broadrick v. Oklahoma*, 413 U.S. 601, 608 (1973). If the terms of the statute, when measured by common understanding and practices, sufficiently warn a person as to what behavior is prohibited, then the statute is not unconstitutionally vague. *Stein v. Virginia*, 12 Va. App. 65, 69 (1991) (citations omitted). In addition, "a consistent administrative construction of an ordinance by the officials charged with its enforcement is entitled to great weight." *Masterson v. Board of Zoning Appeals*, 233 Va. 37, 44, 353 S.E.2d 727, 733 (1987).

The Grass Ordinance defines the words "grass or lawn area" in general terms, but the exclusions from the definition are specific and clear. The Board presented expert testimony regarding the terms in the statute, and presented examples of "ornamental grasses" and "natural habitat areas located within a bed." The Board also presented evidence that the

height/length limitation of twelve inches is a reasonable limitation established to promote the goal of the Grass Ordinance. The evidence also clearly establishes that the term "right-of-way" in the Grass Ordinance refers to a street or road. Although Goldbecker's Deed of Trust shows a "right of way of easement," the evidence indicates that this language refers to a utility easement and not a "right-of-way" under § 119-3-1(d).

I find that the language in the Grass Ordinance, given its common understanding, is not vague, and the limitations are not arbitrary or capricious.

### Police Powers

The police power of the State may be exercised by the enactment of laws that are conducive to the public good, general welfare, and prosperity, which includes the protection and beneficial use of property. *Bowman v. Virginia State Entomologist*, 128 Va. 351, 361-369, 105 S.E. 141, 144-148 (1920); *Mumpower v. Housing Auth. of the City of Bristol*, 176 Va. 426, 11 S.E.2d 732 (1940).

The Board presented evidence that the Ordinance protects property values and marketability, and prevents harmful conditions and the attraction of undesirable pests. The evidence shows that the height/length limitation of twelve inches is reasonable. Further, the limitation of the Grass Ordinance to property owners of less than one-half acre promotes efficient administration. Finally, the Grass Ordinance does not impose undue hardship upon Goldbecker's use of his property. I find that the Grass Ordinance is not arbitrary or unreasonable, does promote and has a substantial relationship to the public safety, health, and welfare, and is a valid use of the County's police powers.